MEMORANDUM *
McMullen filed suit, on behalf of himself and a proposed class, against Delta Air Lines alleging it unlawfully charged and collected a Mexican tax at the time he purchased a ticket for a flight from California to Mexico. The district court granted Delta’s motion to dismiss. We affirm.
Assuming McMullen’s breach of contract claim survives preemption, either because it is not “related to a price, route, or service of an air carrier,” 49 U.S.C. § 41713(b)(1), or it falls within the exception articulated by American Airlines, Inc. v. Wolens, 513 U.S. 219, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995), it fails because it does not refer to any contractual language that obligates Delta not to collect the Mexican tax from all passengers to Mexico, regardless of whether they are exempt from the tax.[1] In any event, McMullen never requested a refund from Delta for the Mexican tax, even though Rule 90 of the Contract of Carriage provides a mechanism for passengers to request refunds of this nature.
On appeal, McMullen did not pursue his claim for breach of the implied covenant of good faith and fair dealing in his opening brief. Therefore, it is waived. See Brookfield Commc’ns, Inc. v. W. Coast Entm’t Corp., 174 F.3d 1036, 1046 n. 7 (9th Cir.1999) (issues not raised in an opening brief are deemed waived).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. McMullen relies on two provisions in Delta’s International Contract of Carriage. Rule 1, which states: "These Conditions of Carriage are applicable except to the extent that they are contrary to applicable laws, government regulation, or orders, in which even the contrary law, regulation or order shall prevail. If any provision of these Conditions of Carriage is invalid under any applicable law, the other provisions shall remain valid.” And Rule 55, which states: "Insofar as any provision contained or referred to in the ticket or in the tariff may be contrary to a law, government regulation, order or requirement which severally cannot be waived by agreement of the parties, such provisions shall remain applicable and be considered as part of the contract of carriage to the extent only that such provision is not contrary thereto. The invalidity of any provision shall not affect any other part.”